[Civ. No. 8244. First Appellate District, Division Two.—February 26, 1932.]

LOS ANGELES BOARD OF ADJUSTERS (a Corporation), Appellant, v. INDEPENDENT AUTOMATIC SPRINKLER COMPANY (a Corporation) et al., Respondents.

Derthick & Hull, W. J. Cusack and Herbert Ganahl for Appellant.

George S. Hupp and Frank C. Hill for Respondents.

NOURSE, P. J.—Plaintiff sued to enforce a lien for materials. Judgment went for defendants and plaintiff appeals on typewritten transcripts.

The defendant Estate of D. F. Hill, Inc., as owner, entered into a contract with a general contractor for the construction of a building, the general contractor entered into a subcontract with defendant Independent Automatic Sprinkler Company for the installation of a sprinkler system, the Automatic Company made a subcontract with Union Tank & Pipe Company for four tanks to be used as part of the sprinkler system. The latter company assigned its claim to plaintiff.

The trial court found that notice of completion was duly given and that no lien was filed by or on behalf of plaintiff's assignor within the time prescribed by law. This is conceded, but the plaintiff insists that the judgment should be reversed because the trial court failed to find on the issue that the Hill estate retained funds on account of said contract due the sprinkler company in excess of the sum claimed by plaintiff and that said sum was assigned to plaintiff by the sprinkler company.

The point is not sound because neither the sprinkler company nor plaintiff's assignor filed a notice with the owner under the terms of section 1184 of the Code of Civil Procedure, and, hence, this proceeding must be limited to what it purports to be—an action to foreclose a mechanic's lien upon the property—it is not a suit to enforce a personal liability against the owner.

This being so, the issue sought to be raised is immaterial and did not require a finding. The trial court having found upon all the material issues the judgment is not open to criticism because a finding was not made upon an issue which was not material.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.